IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 5 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00178-BNB

GEORGE E. FLORENCE,

    Plaintiff,

v.

LYNN M. DECKER,
DAWN M. PETERSON,
JORGE L. SALLABERRY,
RICHARD C. GAMUAC,
JUDY PAULICH,
ANGELA R. YORK,
JOANNE SMILEY,
JANE DOE,
JOHN DOE, and
PARKVIEW MEDICAL CENTER,

    Defendants.

## ORDER TO DISMISS IN PART AND TO ASSIGN CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff George E. Florence is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado (FCI-Florence). He has filed an amended civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993). He asks for compensatory and punitive money damages.

Mr. Florence has been granted leave to proceed without an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005).

Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the complaint will be dismissed in part pursuant to § 1915 (e)(2)(B) as legally frivolous.

Mr. Florence is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe the amended complaint liberally because Mr. Florence is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of federal law.

Mr. Florence alleges that the Defendant doctors, nurses, and another employee at the Parkview Medical Center in Pueblo, Colorado, subjected him to cruel and unusual punishment through deliberate indifference to his serious medical needs.

Specifically, Mr. Florence asserts that on August 16, 2004, he slipped and fell on a wet floor while working on the food service line area at FCI-Florence, sustained back injuries, and was transported by ambulance to the Parkview Medical Center. He contends that his condition was misdiagnosed and that he did not receive proper medical care in a timely manner, i.e., that Defendant doctors and nurses knew he faced a substantial risk of permanent paralysis below his waistline and disregarded that risk by failing to take reasonable measures to abate it. He further contends that the apparently nonmedical employee altered his medical records. Mr. Florence's claims concerning his medical treatment (claims one through six and thirteen) will be assigned to Judge Robert E. Blackburn pursuant to Rule 40.1C.1. of the Local Rules of Practice for this Court and to Magistrate Judge Patricia A. Coan. Claims ten, eleven, and twelve asserted against Defendant Parkview Medical Center also will be assigned to Judge Blackburn pursuant to D.C.COLO.LCivR 40.1C.1. and to Magistrate Judge Coan.

Claims seven, eight, and nine are without merit, and will be dismissed. In claim seven, Mr. Florence alleges that Defendant Joanne Smiley violated his First Amendment rights to free speech because she allegedly told him to "keep his mouth closed" concerning an officer's allegations that he emptied his catheter bag so that nurses could not count the urine contents. Amended complaint at 12. In claim eight, he alleges that Ms. Smiley violated his Eighth Amendment rights by causing his great mental pain and anguish by confronting him on emptying his catheter bag and by telling him to keep his mouth closed. In claim nine, Mr. Florence asserts that Defendant Jane Doe violated his First, Fourth, and Eighth amendment rights because on one occasion, in response to his request for a change of room assignment she became "Ill-tempered"

3

and told Mr. Florence to "shut his mouth." Amended complaint at 14.

Verbal harassment, without more, does not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Merely making conclusory allegations that his constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). Claims seven, eight, and nine do not rise to the level of a constitutional violation, and must be dismissed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *Wise v. Bravo*, 666 F.2d 1328, 1332-33 (10th Cir. 1981). Therefore, claims seven, eight, and nine asserted against Ms. Smiley and Jane Doe will be dismissed as legally frivolous. Accordingly, it is

ORDERED that claims one through six and thirteen concerning Plaintiff George E. Florence's medical treatment and claims ten, eleven, and twelve asserted against Defendant Parkview Medical Center are assigned to Judge Robert E. Blackburn pursuant to D.C.COLO.LCivR 40.1C.1. and to Magistrate Judge Patricia A. Coan. It is

FURTHER ORDERED that claims seven, eight, and nine asserted against Plaintiffs Joanne Smiley and Jane Doe are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

4

FURTHER ORDERED that the clerk of the Court is directed to correct the Court's docketing records to remove Plaintiffs Joanne Smiley and Jane Doe as parties to this action.

DATED at Denver, Colorado, this 4 day of April, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00178-BNB

George E. Florence
Reg. No. 98316-131
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on   4-5-06  

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk