IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00178-REB-PAC

GEORGE E. FLORENCE,

      Plaintiff,

v.

LYNN M. DECKER,
DAWN M. PETERSON,
JORGE L. SALLABERRY,
RICHARD C. GAMUAC,
JUDY PAULICH,
ANGELA R. YORK,
JOHN DOE, and
PARKVIEW MEDICAL CENTER,

      Defendants.

---

ORDER REGARDING SERVICE ON DEFENDANTS YORK AND PETERSON

---

Patricia A. Coan, United States Magistrate Judge

This is a *pro se* prisoner civil rights action.  On April 10, 2006, this matter was referred to me for pretrial case management and recommended rulings on dispositive motions.  Defendants York and Patterson (both medical doctors previously employed at defendant Parkview Medical Center) have not been served with the amended complaint.  The returns of service [docs. ## 22 and 23]  for the defendants state that service was attempted on April 12, and again on June 13, 2006 at Parkview Medical Center.  On June 13, 2006, the marshal noted on the returns of service that both defendants were no longer employed at Parkview and he was unable to locate them for service.

When a district court allows a plaintiff to proceed *in forma pauperis*, service of process is effected by an officer of the court. 28 U.S.C. § 1915(d).  Even though plaintiff is a *pro se* litigant, he is required to follow the same rules of procedure governing other litigants.  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  The responsibility to provide the U.S. Marshal with accurate information to effectuate service on defendant lies with the plaintiff.  *See Caldwell v. Martin*, 104 F.3d 367 (table) 1996 WL 731253, at *1 (10th Cir. Dec. 20, 1996) (affirming dismissal of defendant, rejecting argument that because inmate was proceeding *in forma pauperis,* it was responsibility of Marshal to locate and serve defendants); *Walker v. Sumner*, 14 F3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official).

Although the court can and does have the Marshal serve process on defendants routinely in *in forma pauperis* cases, it is the plaintiff's responsibility to provide a name and address for each defendant to be served.

**It is therefore ordered that**

**Plaintiff shall provide a current address for service of process for defendants York and Peterson <u>on or before September 5, 2006</u> so the Marshal can serve them, or plaintiff risks dismissal of the claims against these defendants**.[1]

---

[1]Under Rule 4, plaintiff must serve defendants within 120 days of the filing of his amended complaint.  Plaintiff's failure to effect proper service within the time limits prescribed by FED.R.CIV.P. 4(m) is grounds for dismissal of his claim against these defendants in the absence of justification for the failure.  *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir.1992).  Dismissal of the claims under FED.R.CIV.P. 4(m) would be without prejudice.

Dated August 4, 2006.

BY THE COURT:

s\ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge