**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  06-cv-00178-REB-PAC

GEORGE E. FLORENCE,

    Plaintiff,

v.

LYNN M. DECKER,
DAWN M. PETERSON,
JORGE L. SALLABERRY,
RICHARD C. GAMUAC,
JUDY PAULICH,
ANGELA R. YORK,
JOHN DOE, and
PARKVIEW MEDICAL CENTER,

    Defendants.

## ORDER CONCERNING DEFENDANTS' MOTIONS TO DISMISS

**Blackburn, J.**

This matter is before me on the following motions: 1) **Defendant Jorge L. Sallaberry's Motion to Dismiss** [#36], filed July 10, 2006; and 2) **Defendant Parkview's and Decker's Motion to Dismiss** [#44], filed July 20, 2006.  The plaintiff has filed responses to both motions, and the defendants have filed replies.  These motions were referred to the assigned magistrate judge under my order of reference [#11], filed April 10, 2006.  With the consent of the assigned magistrate judge, I withdraw the order of reference as to the two motions addressed in this order.  I grant the motions to dismiss under **FED. R. CIV. P. 12(b)(6)**.[1]

---

[1] The issues raised by and inherent to the motion to dismiss are fully briefed, obviating the necessity of jurisdictional discovery, evidentiary hearing, or oral argument.

## I. JURISDICTION

I have subject matter jurisdiction under **28 U.S.C. 1331** (federal question).

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 538 U.S. 999 (2003). Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that he can prove no set of facts entitling him to relief. **See Conley v. Gibson**, 355 U.S. 41, 45-46 (1957); **Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.**, 24 F.3d 125, 128 (10th Cir. 1994).

## III. BACKGROUND

The plaintiff, George Florence, is incarcerated at the Federal Correctional Institution in Florence, Colorado ("FCI"). He filed his amended complaint [#6] in this case on February 10, 2006. As described in his amended complaint, on August 16, 2004, Florence fell on a wet and slippery kitchen floor at FCI while he was working in the food service department of the prison. Because Florence was unable to get up and move his legs, he was taken by ambulance to Parkview Medical Center (Parkview).

There, Florence was evaluated and received treatment by various health care professionals, including defendants Sallaberry and Decker.  Florence's claims center on his allegation that the defendants were deliberately indifferent to Florence's serious medical needs in violation of his Eighth Amendment right to be free of cruel and unusual punishment.

Florence alleges twelve separate claims against the named defendants.[2]  This order addresses only the claims pertinent to the two motions at bar: claims one, three, ten, eleven, and twelve.  In addition to his Eighth Amendment claims against Decker, Sallaberry, and Parkview, Florence asserts claims under the Fifth, Ninth,  and Fourteenth Amendments (see claims ten and twelve).  Claim one is against Defendant Lynn Decker.  Florence alleges that Decker is employed as a registered nurse at Parkview.  Florence further alleges that Decker is a licensed registered nurse employed within the state of Colorado, and "thereby at all relevant times she was acting under color of Colorado law."  *Amended complaint*, p. 2.  Claim three is against Defendant Jorge Sallaberry, M.D.  Florence alleges that Sallaberry is employed as a doctor of medicine at Parkview.  Florence further alleges that Sallaberry is a doctor of medicine employed within the state of Colorado, and "thereby at all relevant times he acted under color of Colorado law."  *Amended Complaint*, p. 2.  Claims ten, eleven, and twelve are against Parkview Medical Center.  Florence alleges that Parkview is a "medical institution" located in Pueblo, Colorado.  He alleges that Parkview "is licensed as a medical institution within the State of Colorado and thereby at all relevant times it was acting under color of Colorado Law."  *Amended complaint*, consecutive page 11.

---

[2] Plaintiff's Seventh, Eighth, and Ninth claims have already been dismissed *sua sponte* by Order of the Court dated April 4, 2006.

3

Plaintiff has filed several lawsuits concerning his back injury as the result of the August 16, 2004 slip-and-fall in the FCI Kitchen. *See Florence v. Decker*, et al., 2005-cv-00383-ZLW (dismissed without prejudice for failure to pay filing fee); ***Florence v. Velasquez***, et al., 2005-cv-00651-OES (dismissal of *Bivens* action for failure to comply with FED.R.CIV.P. 8); ***Florence v. Kendig***, et al., 2005-cv-01778-REB (dismissed under FED.R.CIV.P. 12(b) for failure to state a claim); and ***Florence v. Berrios***, et al., 2006-cv-00798-ZLW (dismissed without prejudice for failure to exhaust administrative remedies).

### IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Florence alleges in his amended complaint that he has not exhausted the administrative remedies available to him concerning the claims at issue here. *Amended complaint*, p. 7. Decker, Sallaberry, and Parkview argue that Florence's complaint must be dismissed for failure to exhaust administrative remedies.

The United States Supreme Court recently clarified the landscape concerning the statutory requirement that prison inmate plaintiffs exhaust available administrative remedies before filing a lawsuit concerning prison conditions. ***Jones v. Bock***, ___ U.S. ___, 127 S.Ct. 910 (2007). The Court held in ***Bock*** that the exhaustion requirement stated in 42 U.S.C. § 1997e(a) is not a pleading requirement, but rather is an affirmative defense. ***Bock***, ___ U.S. at ___, 127 S.Ct. at 921-922. The defendants' motions to dismiss, which were filed before the ***Bock*** opinion was issued, seek dismissal of Florence's complaint because Florence has not demonstrated that he fully has exhausted the available administrative remedies.

After ***Bock***, a prison inmate plaintiff does not carry the burden to plead or otherwise demonstrate exhaustion of administrative remedies in his complaint. After

4

***Bock***, dismissal of a complaint under FED. R. CIV. P. 12 based on a plaintiff's failure to demonstrate exhaustion in the Complaint generally is not proper. Again, the exhaustion requirement stated in 42 U.S.C. § 1997e(a) is not a pleading requirement, but rather an affirmative defense. In this case, the defendants have not yet filed an answer and have not yet asserted the affirmative defense of failure to exhaust administrative remedies. Given this landscape, the defendants' motions to dismiss based for failure to exhaust administrative remedies must be denied.

## V. ACTION UNDER COLOR OF STATE LAW

A plaintiff alleging a violation of his constitutional rights, and asserting a claim under 42 U.S.C. § 1983, must allege and prove that each defendant took action under color of state law. "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" ***Lugar v. Edmondson Oil Co., Inc.***, 457 U.S. 922, 936 (1982) (quoting ***Flagg Bros. Inc., v. Brooks***, 436 U.S. 149,156 (1978)). Conduct is fairly attributable to the state, for the purposes of § 1983, if the alleged deprivation is caused by the exercise of some right or privilege created by the state, and if the party charged with the deprivation fairly can be said to be a state actor. A state actor is a state official, one who acts with or obtains significant aid from state officials, or one whose conduct otherwise is chargeable to the state. "Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." ***Id***. at 937.

Sallaberry argues that the claims against him must be dismissed because Florence has not alleged any facts that indicate that Sallaberry acted under color of

5

state law when Sallaberry treated Florence. The fact that a physician, nurse, or medical facility is licensed by the state to pursue such activities is not a sufficient to establish that such a person or entity acted under color of state law, for the purpose of a § 1983 claim. **Sumpter v. Harper**, 683 F.2d 106, 108 (4th Cir. 1982). Florence alleges that Dr. Sallaberry is licensed by the state of Colorado, but he has not alleged any facts that indicate that Sallaberry was acting under color of state law when he provided medical treatment to Florence. Absent some specific factual allegations indicating that Sallaberry was acting under color of state law, Florence's allegation that Sallaberry was acting under color of state law is conclusory. Again, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993). Sallaberry's motion to dismiss is granted under FED. R. CIV. P. 12(b)(6) because Florence has failed to allege that Sallaberry was acting under color of state law.

The same is true for defendants Decker and Parkview. Florence alleges that Decker and Parkview are licensed by the state of Colorado, but he has not alleged any facts that indicate that Decker and Parkview were acting under color of state law when they provided medical treatment to Florence. Absent some specific factual allegations indicating that Decker and Parkview were acting under color of state law, Florence's allegation that Decker and Parkview were acting under color of state law is conclusory, and is not sufficient to withstand a challenge under FED. R. CIV. P. 12(b)(6).

Decker and Parkview have not argued this point in their motion to dismiss. However, under 42 U.S.C. § 1997e(c)(1), a court may dismiss on its own motion any action brought with respect to prison conditions under § 1983 if the court is satisfied that the action fails to state a claim on which relief can be granted. Those are precisely

the circumstances of Florence's claims against Decker and Parkview. Florence's claims against Decker and Parkview are dismissed under F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 12(b)(6) for failure to state a claim on which relief can be granted.

## VI. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That based on the consent of the assigned magistrate judge, my order of reference [#11], filed April 10, 2006, is withdrawn as to the two motions addressed in this order;

2. That my order of reference [#11], filed April 10, 2006, otherwise shall remain in full force and effect;

3. That **Defendant Jorge L. Sallaberry's Motion To Dismiss** [#36], filed July 10, 2006, is **GRANTED** under F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 12(b)(6);

4. That **Defendant Parkview's and Decker's Motion To Dismiss** [#44], filed July 20, 2006, is **GRANTED** under F$_{\text{ED}}$. R. C$_{\text{IV}}$. P. 12(b)(6) and 42 U.S.C. § 1997e(c)(1);

5. That defendants Jorge L. Sallaberry, Lynn M. Decker, and Parkview Medical Center are **DROPPED** as parties from this case; and

6. That the caption of this case is **AMENDED** to remove Jorge L. Sallaberry, Lynn M. Decker, and Parkview Medical Center as named defendants.

Dated March 20, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**