**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No.  06-cv-00178-REB-PAC

GEORGE E. FLORENCE,

      Plaintiff,

v.

DAWN M. PETERSON,
RICHARD C. GAMUAC,
JUDY PAVLICH, and
ANGELA R. YORK, and
JOHN DOE,

      Defendants.

---

**ORDER CONCERNING DEFENDANTS' MOTIONS TO DISMISS**

---

**Blackburn, J.**

      This matter is before me on the following motions:1) **Defendant Dr. Richard C. Gamuac's Motion To Dismiss** [#95], filed October 10, 2006; and 2) **Defendant Judy Pavlich's Joinder in Parkview's and Decker's Motion To Dismiss** [#102], filed October 23, 2006.  Pavlich joins in **Defendant Parkview's and Decker's Motion To Dismiss** [#44], filed July 20, 2006.  That motion [#44] has been resolved.  In response to these motions, the plaintiff filed his **Affidavit in Support of Plaintiff's Claim Against Defendant Richard C. Gamuac's Motion To Dismiss** [#105], filed November 15, 2006, and **Affidavit in Support of Plaintiff's Claim Against Defendant Judy Pavlich** [#106], filed November 15, 2006.  Pavlich filed a reply [#109] on November 27, 2006, and Guamac filed a reply [#112] on November 29, 2006.  These motions were

referred to the assigned magistrate judge under my order of reference [#11], filed April 10, 2006.  With the consent of the assigned magistrate judge, I withdraw the order of reference as to the two motions addressed in this order.  I grant the motions to dismiss under FED. R. CIV. P. 12(b)(6).[1]

In addition, this matter is before me *sua sponte* as to the claims against defendants, Dawn M. Peterson, Angela R. York, and John Doe.  These three defendants never have been served with a summons and complaint in this case.  I have reviewed the allegations against these defendants, and I conclude that the plaintiff has not stated a claim on which relief can be granted as to any of these defendants.  Under 42 U.S.C. § 1997e(c)(1), a court may dismiss on its own motion any action brought with respect to prison conditions under § 1983 if the court is satisfied that the action fails to state a claim on which relief can be granted.  I dismiss the claims against Peterson, York, and John Doe under § 1997e(c)(1).

This order resolves all of the remaining claims in this case.  Therefore, this case should dismissed.

## I. JURISDICTION

I have subject matter jurisdiction under 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded

---

[1]   The issues raised by and  inherent to the motion to dismiss are fully briefed, obviating the necessity of jurisdictional discovery, evidentiary hearing, or oral argument.

allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 538 U.S. 999 (2003). Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that he can prove no set of facts entitling him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.*, 24 F.3d 125, 128 (10th Cir. 1994).

### III. BACKGROUND

The plaintiff, George Florence, is incarcerated at the Federal Correctional Institution in Florence, Colorado ("FCI"). He filed his amended complaint [#6] in this case on February 10, 2006. As described in his amended complaint, on August 16, 2004, Florence fell on a wet and slippery kitchen floor at FCI while he was working in the food service department of the prison. Because Florence was unable to get up and move his legs, he was taken by ambulance to Parkview Medical Center (Parkview). There, Florence was evaluated and received treatment by various health care professionals, including defendants, Dr. Gamuac and Pavlich. Florence's claims center on his allegation that the defendants were deliberately indifferent to Florence's serious medical needs in violation of his Eighth Amendment right to be free of cruel and unusual punishment. Florence alleges twelve separate claims against the named

defendants.[2]  This order addresses only the claims pertinent to the two motions at bar,

claims four and five, and the claims that I address *sua sponte*, claims two, six, and

thirteen.

Claim two is against defendant, Dawn M. Peterson, M.D.  Florence alleges that

Dr. Peterson is employed as a doctor of medicine at Parkview.  Florence alleges further

that Dr. Peterson is a doctor of medicine employed within the state of Colorado, and

"thereby at all relevant times she acted under color of Colorado law."  *Amended

Complaint*, p. 2.

Claim four is against defendant, Richard C. Gamuac, M.D.  Florence alleges that

Dr. Gamuac is employed as a doctor of medicine at Parkview.  Florence alleges further

that Dr. Gamuac is a doctor of medicine employed within the state of Colorado, and

"thereby at all relevant times he acted under color of Colorado law."  *Amended

Complaint*, p. 10.

Claim five is against defendant, Judy Pavlich, R.N.  Florence alleges that

Pavlich is employed as a registered nurse at Parkview.  Florence alleges further that

Pavlich is a licensed registered nurse employed within the state of Colorado, and

"thereby at all relevant times she was acting under color of Colorado law."  *Amended

complaint*, p. 10.

Claim six is against defendant, Angela R. York, M.D.  Florence alleges that Dr.

York is employed by Parkview, that she is a doctor of medicine employed within the

state of Colorado, and  "thereby at all relevant times she acted under color of Colorado

---

[2] Plaintiff's seventh, eighth, and ninth claims have already been dismissed *sua sponte* in an order [#10], filed April 5, 2006.   Plaintiff's first, third, tenth, eleventh, and twelfth claims for relief were dismissed in an order [#121], filed March 20, 2007.

law." *Amended Complaint*, p. 10.

Claim thirteen is against John Doe, a name the plaintiff uses to identify a defendant whose actual identity is unknown.  The record in this case bears no indication that the plaintiff has made any effort to identify John Doe.  Florence alleges that John Doe "altered the log record of exactly where and at what time Plaintiff Florence was assigned to a particular room" at Parkview.  *Amended Complaint*, p. 16. The plaintiff says he has a history of heart trouble and that John Doe's "indifferent misconduct unnecessarily exposed Plaintiff Florence to death."  *Id.*, pp. 16 - 17. Florence says this circumstance caused him great mental stress and anguish.  *Id.*, p. 17.

Plaintiff has filed several lawsuits concerning a back injury he suffered as the result of the August 16, 2004 slip-and-fall in the FCI Kitchen.  *See Florence v. Decker*, et al., 2005-cv-00383-ZLW (dismissed without prejudice for failure to pay filing fee); *Florence v. Velasquez*, et al., 2005-cv-00651-OES (dismissal of *Bivens* action for failure to comply with FED.R.CIV.P. 8); *Florence v. Kendig*, et al., 2005-cv-01778-REB (dismissed under FED.R.CIV.P. 12(b) for failure to state a claim); and *Florence v. Berrios*, et al., 2006-cv-00798-ZLW (dismissed without prejudice for failure to exhaust administrative remedies).

## IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Florence alleges in his amended complaint that he has not exhausted the administrative remedies available to him concerning the claims at issue here. *Amended complaint*, p. 7.  Pavlich and Dr. Gamuac argue that Florence's complaint must be dismissed for failure to exhaust administrative remedies.

The United States Supreme Court recently clarified the landscape concerning the statutory requirement that prison inmate plaintiffs exhaust available administrative remedies before filing a lawsuit concerning prison conditions. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910 (2007). The Court held in *Bock* that the exhaustion requirement stated in 42 U.S.C. § 1997e(a) is not a pleading requirement, but rather is an affirmative defense. *Bock*, ___ U.S. at ___, 127 S.Ct. at 921-922. The defendants' motions to dismiss, which were filed before the *Bock* opinion was issued, seek dismissal of Florence's complaint because Florence has not demonstrated that he fully has exhausted the available administrative remedies.

After *Bock*, a prison inmate plaintiff does not carry the burden to plead or otherwise demonstrate exhaustion of administrative remedies in his complaint. After *Bock*, dismissal of a complaint under FED. R. CIV. P. 12 based on a plaintiff's failure to demonstrate exhaustion in the complaint generally is not proper. Again, the exhaustion requirement stated in 42 U.S.C. § 1997e(a) is not a pleading requirement, but rather an affirmative defense. In this case, the defendants have not yet filed an answer and have not yet asserted the affirmative defense of failure to exhaust administrative remedies. Given this landscape, the defendants' motions to dismissed based for failure to exhaust administrative remedies must be denied.

## V.  ACTION UNDER COLOR OF STATE LAW

A plaintiff alleging a violation of his constitutional rights, and asserting a claim under 42 U.S.C. § 1983, must allege and prove that each defendant took action under color of state law. "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the

Constitution are protected only against infringement by governments.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros. Inc., v. Brooks*, 436 U.S. 149,156 (1978)).  Conduct is fairly attributable to the state, for the purposes of § 1983, if the alleged deprivation is caused by the exercise of some right or privilege created by the state, and if the party charged with the deprivation fairly can be said to be a state actor.  A state actor is a state official, one who acts with or obtains significant aid from state officials, or one whose conduct otherwise is chargeable to the state.  "Without a limit such as this, private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them." *Id*. at 937.

Dr. Gamuac argues that the claims against him must be dismissed because Florence has not alleged any facts that indicate that Dr. Gamuac acted under color of state law when Dr. Gamuac treated Florence.  The fact that a physician, nurse, or medical facility is licensed by the state to pursue such activities is not a sufficient basis to establish that such a person or entity acted under color of state law, for the purpose of a § 1983 claim. *Sumpter v. Harper*, 683 F.2d 106, 108 (4th Cir. 1982).  Florence alleges that Dr. Gamuac is licensed by the state of Colorado, but he has not alleged any facts that indicate that Dr. Gamuac was acting under color of state law when he provided medical treatment to Florence.  Absent some specific factual allegations indicating that Dr. Gamuac was acting under color of state law, Florence's allegation that Dr. Gamuac was acting under color of state law is conclusory.  Again, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987

F.2d 278, 284 (5th Cir. 1993).  Dr. Gamuac's motion to dismiss must be granted under FED. R. CIV. P. 12(b)(6) because Florence has failed to allege that Dr. Gamuac was acting under color of state law.

The same is true of defendants, Pavlich, Peterson, and York.  Florence alleges that these defendants are licensed to practice either medicine or nursing by the state of Colorado, but he has not alleged any facts that indicate that any of these defendants were acting under color of state law when they provided medical treatment to Florence.  Absent some specific factual allegations indicating that these defendants were acting under color of state law, Florence's allegations that these defendants were acting under color of state law are conclusory, and are not sufficient to withstand a challenge under FED. R. CIV. P. 12(b)(6).

Again, Pavlich has joined in the motion to dismiss filed by defendants, Decker and Parkview  [#44], filed July 20, 2006.  Decker and Parkview did not argue this point in their motion to dismiss.  Peterson and York never have been served with a summons and complaint, and have not filed any motions in this case.  However, under 42 U.S.C. § 1997e(c)(1), a court may dismiss on its own motion any action brought with respect to prison conditions under § 1983 if the court is satisfied that the action fails to state a claim on which relief can be granted.  Those are precisely the circumstances of Florence's claims against Pavlich, Peterson, and York.  Florence's claims against Pavlich, Peterson, and York should be dismissed under FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief can be granted.

Finally, the plaintiff has not alleged any facts that indicate that defendant John Doe was acting under color of state law when he allegedly altered the record showing

the patient room to which the plaintiff was assigned at particular times.  Reading

Florence's *pro se* complaint liberally, there is no basis even to infer that John Doe, a

person who allegedly maintained patient care records at Parkview, was acting under

color of state law.   Applying 42 U.S.C. § 1997e(c)(1), I am satisfied that Florence's

allegations against John Doe do not state a claim on which relief can be granted.

Florence's claim against John Doe must be dismissed under FED. R. CIV. P. 12(b)(6) for

failure to state a claim on which relief can be granted.

## VI. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That with the consent of the assigned magistrate judge, my order of reference

[#11], filed April 10, 2006, is withdrawn as to the two motions addressed in this order;

2.  That my order of reference [#11], filed April 10, 2006, shall remain in full force

and effect otherwise ;

3.  That **Defendant Dr. Richard C. Gamuac's Motion To Dismiss** [#95], filed

October 10, 2006, is **GRANTED** under FED. R. CIV. P. 12(b)(6);

4.  That **Defendant Judy Pavlich's Joinder in Parkview's and Decker's**

**Motion To Dismiss** [#102], filed October 23, 2006, is **GRANTED** under FED. R. CIV. P.

12(b)(6);

5.  That the plaintiff's claim against defendant, Dr. Richard C. Gamuac, is

**DISMISSED**;

6.  That the plaintiff's claim against defendant, Judy Pavlich, is **DISMISSED**;

7.  That the plaintiff's claim against defendant, Dawn M. Peterson, is

**DISMISSED** under 42 U.S.C. § 1997e(c)(1) and FED. R. CIV. P. 12(b)(6);

8.   That the plaintiff's claim against defendant, Angela R. York, is **DISMISSED** under 42 U.S.C. § 1997e(c)(1) and FED. R. CIV. P. 12(b)(6);

9.   That the plaintiff's claim against defendant, John Doe, is **DISMISSED** under 42 U.S.C. § 1997e(c)(1) and FED. R. CIV. P. 12(b)(6);

10.   That this case is **DISMISSED**;

11.   That **JUDGMENT SHALL ENTER** in favor of each defendant named in the plaintiff's Amended Complaint [#6], filed February 10, 2006, and against the plaintiff; and

12.   That each defendant is **AWARDED** his, her, or its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated June 19, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**